## No. 11,320.

## WAGGENER *v.* HARDING.

Decided March 29, 1926.

Action for damages for fraudulent impersonation. Judgment for defendant.

## *Affirmed.*

1. APPEAL AND ERROR—*Torts—Fraudulent Impersonation.* In an action for damages for fraudulent impersonation, whereby service of summons was delayed until defendant had left the state, evidence reviewed and the action of the court in directing a verdict for defendant, approved.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. O. A. ERDMAN, for plaintiff in error.

Mr. JAMES A. ORR, Mr. H. T. McGARRY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

WAGGENER brought suit against M. W. Harding for fraudulently representing to the sheriff that he was Brooks B. Harding, defendant in a suit by Waggener against Brooks B. Harding, son of the present defendant, and others, so receiving service of summons himself, thus preventing service in that suit on the true defendant. When plaintiff rested the court directed a verdict for defendant and plaintiff brings error.

The defenses pleaded were general denial, except certain admitted facts, and certain defenses made up of

facts which were evidence to support the denials. The real issues were whether M. W. Harding purposely caused the sheriff to believe that he was Brooks B. Harding, defendant in the former suit, and so prevented service on the real defendant until he could leave the state. The complaint alleged that Brooks B. Harding was residing with his father in Colorado Springs on the day of the attempted service. This was denied. We find in the abstract no evidence that the son was in Colorado Springs on the said date. The attempted service was on Saturday, August 30th. On Wednesday, September 3rd, defendant returned the papers to the sheriff's office and said his son had left on Tuesday. He did not say whether Tuesday, September 2nd or Tuesday, August 26th. The plaintiff claims that it must be taken to be Tuesday, September 2nd, and therefore the son is shown to have been in Colorado Springs on the 30th ult., or that at least it was a question for the jury which Tuesday he meant; but we do not think the evidence of enough force to go to the jury. The most that can be said for it is that it shows that the son either was or was not in Colorado Springs on Saturday. Proof of the son's presence within reach of service was essential to plaintiff's case, because without it no damage could have resulted from the deceitful personation, if there was one. It follows that the court was right in directing the verdict. We think also that if the jury had returned a verdict for plaintiff the court must have set it aside for failure to show any intent to defraud; but it is not necessary to detail the evidence on that point.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.